```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CASEY LEE HOEY,                   )
     Plaintiff,                   )  Civil Action No. 07 -
                                  )  367
v.                                )
                                  )  Judge David S. Cercone /
JOHN C. PETTIT, District Attorney )  Magistrate Judge Lisa
for Washington County,            )  Pupo Lenihan
     Defendants                   )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.      RECOMMENDATION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) based on the Defendant's absolute immunity.

II.     REPORT

Plaintiff, Casey Lee Hoey, an inmate confined at the State Correctional Institution at Fayette, Pennsylvania, commenced this action against the District Attorney of Washington County, John C. Pettit.  For the reasons that follow, the Complaint should be dismissed because Defendant Pettit is entitled to absolute immunity from liability in this action.

A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.  The authority granted to federal courts for

*sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and the Defendant is an employee of a government entity. Thus his

allegations must be reviewed in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

In reviewing complaints under 28 U.S.C. § 1915A & 28 U.S.C. § 1915(e)(2)(B), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).  Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

### B. Absolute Immunity

The sole Defendant is the District Attorney who prosecuted Plaintiff's criminal action which resulted in his conviction of criminal homicide and the imposition of the mandatory life sentence. Plaintiff seeks to impose liability against Defendant Pettit based on his actions in prosecuting the criminal charges for which Plaintiff was arrested on May 15, 2002 and pleaded guilty to on April 2, 2003.  As discussed below, Defendant Pettit cannot be held liable in this action based on the doctrine of absolute immunity.

In this regard, in a limited number of circumstances, government officials are entitled to absolute immunity from a suit for damages. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). The grant of absolute immunity from suit has been used "quite sparing," and is confined to official functions in which the exposure to liability would invariably impede the official in the performance of his or her duties. Forrester v. White, 484 U.S. 219, 223-24 (1988).

Judges generally are accorded absolute immunity in the performance of "truly judicial acts" performed within their lawful jurisdiction. Forrester, 484 U.S. at 226-27. Certain other specified officials, such as administrative law judges, and federal and state prosecutors, enjoy absolute immunity in the performance of functions that are "closely associated with the judicial process." Cleavinger v. Saxner, 474 U.S. 193, 200 (1985). Absolute immunity shields not only these decisionmakers, but also other individuals who perform discretionary tasks that play an integral part in the decisionmaking process. *Id.* Thus, where the official's responsibilities are closely analogous to the adjudicative functions of a judge, or are intimately associated with the judicial process itself, that official may enjoy absolute immunity from suit for actions taken to fulfill those particular responsibilities. Buckley v. Fitzsimmons, 509 U.S. at 271.

Prosecutors are subject to varying levels of official immunity. It is well established that a state prosecuting attorney

4

is absolutely immune from liability under 42 U.S.C. Section 1983 for his or her actions which are related to the initiation and prosecution of a criminal action. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). *See also* Burns v. Reed, 500 U.S. 478 (1991). The immunity extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior "intimately associated with the judicial phases" of litigation. "[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of prosecution and actions apart from the courtroom." Imbler, 424 U.S. at 431 n. 33.

The decision to initiate a prosecution is at the core of a prosecutor's judicial role. Imbler, 424 U.S. at 430-31. In that regard, a prosecution in protected by the doctrine of absolute immunity, even where he acts without a good faith belief that any wrongdoing has occurred. Rose v. Bartle, 871 F.2d 331, 346 (3d Cir. 1989). Relatedly, harm to a falsely-charged Defendant is remedied by safeguards built into the judicial system (probable cause hearings, dismissal of the charges) and into the state codes of professional responsibility. Burns, 500 U.S. at 485. *See also* Ernst v. Child and Youth Services of Chester County, 108 F.3d 486 3d Cir. 1997) (caseworkers were entitled to absolute immunity for their actions discharged on behalf of state in preparing for, initiating, and prosecuting dependency proceedings); Kulwicki v. Dawson, 969 F.2d 1454, 1464 (3d Cir. 1992) (even groundless charges

are protected by absolute immunity in the interest of maintaining the vigorous prosecution of the crime).

Plaintiff does not cite to any specific acts attributed to Defendant Pettit upon which he bases his civil rights claim other than the uncontroverted fact that Defendant Pettit was the prosecuting attorney.  In light of the discussion supra, Defendant Pettit is entitled to absolute immunity for his actions in prosecuting any criminal charges against Plaintiff.  As a consequence, Plaintiff's civil action should be dismissed.

### C. Accrual of Cause of Action

Even if Plaintiff is seeking damages against Defendant Pettit based on actions that are not protected by absolute immunity, his complaint fails to state a claim upon which relief may be granted.  A cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 447, 486-488 (1994).  Thus, in order to recover damages for a conviction obtained in violation of federal or constitutional law, a Plaintiff must prove that the conviction or imprisonment has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id*. However, if the action does not involve the invalidity of an outstanding criminal judgment against the Plaintiff it should be allowed to proceed.  *Id*.

Here, Plaintiff's claim necessarily attacks the validity of his criminal homicide conviction. Plaintiff has not shown that his conviction has been invalidated or called into question. As a consequence, his cause of action has not accrued. *Accord* Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996).

III.    CONCLUSION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B) based on the Defendant's absolute immunity.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


May 18, 2007                    /s/Lisa Pupo Lenihan
                                Lisa Pupo Lenihan
                                U.S. Magistrate Judge

cc.     The Honorable David S. Cercone
        United States District Judge

        Casey Lee Hoey, FH-5454
        SCI Fayette
        PO Box 9999
        LaBelle, PA 15450