```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CASEY LEE HOEY,                    )
     Plaintiff,                    )    Civil Action No. 07 -
                                   )    367
v.                                 )
                                   )    Judge David S. Cercone /
JEFFREY ALAN WATSON, ESQ.          )    Magistrate Judge Lisa
     Defendant                     )    Pupo Lenihan
                                   )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.      RECOMMENDATION

It is respectfully recommended that the Amended Complaint (doc. no. 8) be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

II.     REPORT

Plaintiff, Casey Lee Hoey, an inmate confined at the State Correctional Institution at Fayette, Pennsylvania, filed an Amended Complaint (doc. no. 8) against his defense attorney in connection with criminal charges brought against him in the Court of Common Pleas of Washington County. For the reasons that follow, the Complaint should be dismissed because Defendant Watson is not a state actor for purposes of imposing liability under 42 U.S.C. § 1983.

A.      Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The authority granted to federal courts for

*sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and the Defendant is an employee of a government entity. Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

In reviewing complaints under 28 U.S.C. § 1915A & 28 U.S.C. § 1915(e)(2)(B), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

### B. Liability under 42 U.S.C. § 1983

The named Defendant in the Amended Complaint is Defense Attorney Watson who represented Plaintiff in his criminal action which resulted in his conviction of criminal homicide and the imposition of the mandatory life sentence. Plaintiff seeks to impose liability against Defendant Watson based on his actions in representing Plaintiff against the criminal charges for which Plaintiff was arrested on May 15, 2002 and pleaded guilty to on April 2, 2003.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights,

privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

A person raising a civil rights claim for damages under section 1983 first must demonstrate that the defendant is a person acting under color of state law, *i.e.*, a state actor. If the record does not reflect that the defendant acted under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk County v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

A criminal attorney is not a "state actor" for purposes of a section 1983 claim, regardless of whether the attorney is a private attorney or a public defender. Appointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act "under color of state law" for purposes of liability under 42 U.S.C. § 1983 for acts taken in the normal course of conducting a defense. Black v. Bayer, 672 F.2d 309 (3d Cir.), *cert. denied*, Stoica v. Stewart, 459 U.S. 916 (1982); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980). Moreover, a public defender does not act under color of state law for purposes of section 1983 liability when performing the traditional role of counsel for a criminal defendant. Polk County v. Dodson, 454 U.S. 312, 315 (1981). A public defender, although paid by the state,

4

exercises "independent judgement on behalf of his client."  *Id*. at 321.  Because the function of a public defender is to represent his client in a manner that conflicts with state interests, the Court concluded that a public defender could not be a state actor when acting as an advocate for his client.  *Id*. at 324.

Plaintiff also makes vague assertions that the defendants in his original and amended complaints have conspired together to violate his constitutional rights.  Althouth public defenders and appointed attorneys may be liable as state actors under section 1983 where they conspire with state officials to deprive a plaintiff of his constitutional rights, *see* Tower v. Glover, 467 U.S. 914, 920 (1984), plaintiff's conclusory allegations of conspiracy are insufficient to state a claim under section 1983.

To demonstrate a conspiracy under section 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'"  Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)).  A plaintiff must allege conspiracy with particularity even though a heightened pleading standard does not apply to civil rights actions against individual defendants.  Bieros v. Nicola, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)).  A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events."

5

Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). *See also* Loftus v. Southeastern Pa. Transp. Auth., 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("While the pleading standard under [Fed. R. Civ. Proc.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

In the instant action, Plaintiff has failed to allege any facts showing an agreement or plan formulated and executed by defendants to achieve a conspiracy.  Absent allegations showing any agreement to deny Plaintiff's rights, he has failed to allege a claim of a conspiracy.  Accordingly, Plaintiff's claim is insufficient to state a claim under section 1983.[1]

### C. Accrual of Cause of Action

Even if Plaintiff is seeking damages against Defendant Watson based on actions that could be attributed to a state actor, his amended complaint fails to state a claim upon which relief may be granted.  A cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 447, 486-488 (1994).  Thus, in order to recover damages for a conviction obtained in violation of federal or constitutional law, a Plaintiff must prove that the conviction or imprisonment has been

---

1.  *Accord* Flanagan v. Shively, 783 F. Supp. 922, 928-29 (M.D. Pa.) (motion to dismiss granted because allegations were insufficient and conclusory), *aff'd*, 980 F.2d 722 (3d Cir. 1992), *cert. denied*, 510 U.S. 829 (1993).

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. However, if the action does not involve the invalidity of an outstanding criminal judgment against the Plaintiff it should be allowed to proceed. *Id*.

Here, Plaintiff's claim necessarily attacks the validity of his criminal homicide conviction. Plaintiff has not shown that his conviction has been invalidated or called into question. As a consequence, his cause of action has not accrued. *Accord* Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996).

III.    CONCLUSION

It is respectfully recommended that the Amended Complaint (doc. no. 8) be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

June 1, 2007

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

```
cc.        The Honorable David S. Cercone
           United States District Judge

           Casey Lee Hoey, FH-5454
           SCI Fayette
           PO Box 9999
           LaBelle, PA 15450
```